[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 7, 2011
JOHN LEY
CLERK

No. 11-10744
Non-Argument Calendar

_____

Agency No. A075-972-703


NOOR MOHAMMAD, a.k.a. Sharif Islam,
FARHANA MOHAMMAD,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 7, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Noor Mohammad and his wife, Farhana Mohammad, citizens of Bangladesh, jointly petition for review of the Board of Immigration Appeals' (BIA) denial of their motion for reconsideration of its earlier order affirming the Immigration Judge's (IJ) denial of cancellation of removal. Petitioners argue the IJ and the BIA erred in denying them cancellation of removal, as they established their eligibility for such relief.

An alien seeking review of a final order of removal must file a petition for review within 30 days of the issuance of the final order. 8 U.S.C. § 1252(b)(1). The 30-day deadline is "mandatory and jurisdictional." *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005). The finality of a removal order is not affected by the filing of a motion to reconsider. *Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1350-51 (11th Cir. 2005).

Here, because the petitioners failed to file a timely petition for review of the BIA's March 23, 2010, order affirming the IJ's decision, we lack jurisdiction to review that order. Accordingly, we dismiss the petition to the extent that it challenges those decisions. *See Dakane,* 399 F.3d at 1272 n.3. Although we retain jurisdiction to review the BIA's January 21, 2011, decision denying the petitioners' motion for reconsideration, the petitioners do not offer argument on how the BIA erred in denying that motion. Rather, the petitioners' arguments are

2

focused on the BIA's March 23, 2010, decision denying their application for cancellation of removal, and how they believe they established their eligibility for such relief during their proceedings. Because the petitioners have abandoned any arguments they potentially could have raised regarding the BIA's denial of their motion for reconsideration, we deny the remainder of the petition. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (providing that issues not raised on appeal are deemed abandoned); *see also Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (providing that a passing reference to an issue in a brief is insufficient to properly raise that issue).

**PETITION DISMISSED IN PART AND DENIED IN PART.**